IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL E. JOHNSON, #335-470<br>       Plaintiff, | * |
| | * |
| v. | CIVIL ACTION NO. JFM-06-2724 |
| | * |
| STATE OF MARYLAND, et al.,<br>       Defendants. | * |

\*\*\*\*\*\*

**MEMORANDUM**

Plaintiff brings this pro se action against the State of Maryland and Dr. Todd Christiansen. He asserts jurisdiction under 42 U.S.C. § 1983. Paper No. 1. Plaintiff alleges that he was forced to plead guilty to crimes in Baltimore County, Maryland because the mental health report was fabricated. Id. The case is before the court on defendant State of Maryland's motion to dismiss. Paper No. 17. This motion has not been opposed by plaintiff.[1] No hearing is needed to resolve the facts and issues presented in this case. *See* Local Rule 105.6.[2]

**A.    Defendant Todd Christiansen**

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on April 4, 2007, Plaintiff was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. (Paper No. 18). Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. (*Id.*).

[2] Also pending is plaintiff's motion to appoint counsel. Paper No. 6. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

    The court finds from its review of the complaint that plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the court concludes that plaintiff's complaint is not of undue complexity. Therefore, in the exercise of its discretion, the court shall deny plaintiff's request for appointment of counsel.

    Defendant's motion for extension of time (Paper No. 16) is granted, nunc pro tunc.

On January 10, 2007, plaintiff was ordered to complete a United States Marshal (USM) Form 285 for the defendant Todd Christiansen in order to assist the court in obtaining service of process on that defendant. *See* Paper No. 11. Plaintiff was cautioned that his failure to timely return the completed form might result in dismissal of his claims against the Christiansen. Plaintiff has failed to submit the completed forms. Consequently, the instant action shall be dismissed without prejudice as to defendant Todd Christiansen, due to plaintiff's failure to comply.

**B.     Defendant State of Maryland**

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U. S. 69, 73 (1989) *(citing Conley v. Gibson*, 355 U. S. 41, 45-46 (1957)). "While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss." *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." *Finlator v. Powers,* 902 F.2d 1158, 1160 (4th Cir. 1990) (*citing Jenkins v. McKeithen*, 395 U. S. 411 (1969)).     Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984). While Maryland has waived its sovereign immunity for certain types of cases brought in s,tate courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity

under the Eleventh Amendment to suit in federal court. Thus plaintiff's complaint against the State of Maryland is barred by the Eleventh Amendment.

      A separate Order shall be entered reflecting the ruling set forth herein.


June 1, 2007                              /s/
Date                                   J. Frederick Motz
                                       United States District Judge